# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TERRELL PRICE,**

    **Plaintiff,**

v.

**Civil Action 2:19-cv-3442**
**Judge James L. Graham**
**Chief Magistrate Judge Elizabeth P. Deavers**

**OHIO DEPARTMENT OF**
**REHABILITATION AND**
**CORRECTIONS,** *et al.***,**

    **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Terrell Price, a state inmate who is proceeding without the assistance of counsel, brings this action against the Ohio Department of Rehabilitation and Correction ("ODRC") and several individuals employed by Lebanon Correctional Institution ("LeCI"). (ECF No. 3.) On August 9, 2019, Plaintiff was granted leave to proceed *in forma pauperis* in this action. (ECF No. 2.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Having performed the initial screen of the Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's claims against ODRC be **DISMISSED** for failure to state any claim on which relief may be granted and that the remaining claims be **TRANSFERRED** to the Southern District of Ohio, Western Division at Cincinnati, Ohio.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*    \*    \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1]Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff, currently incarcerated at Warren Correctional Institution ("WCI") located in

3

Lebanon, Ohio, brings this action under 42 U.S.C. § 1983, for failure to protect him in violation of his rights under the Eighth Amendment to the United States Constitution. Plaintiff names as Defendants ODRC and nine (9) individuals, "Swietzer" (LeCI's warden), Laura Austin (an inspector LeCI), J.T. Hall (an investigator for LeCI), "Tabor" (an investigator for LeCI), Huggins (a "UMA" for LeCI, presumably part of unit management for LeCI), Mr. Snively (a unit manager for LeCI), Ms. Ford (a case manager for LeCI), "Dubuis" (a sergeant at LeCI), and "Cooper" (a correctional officer at LeCI) (collectively, "the Individual Defendants"). (ECF No. 3 at ¶¶ 1–12.) According to the Complaint, while Plaintiff was incarcerated at LeCI, his cellmate attacked him and Defendants failed to protect him, violating his rights under the Eighth Amendment. (*See generally id.*)

Plaintiff has failed to state plausible claims for relief against ODRC. The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that [28 U.S.C.] § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). ODRC is an instrumentality of the state of Ohio. *Lowe v. Ohio Dep't of Rehab.*, No. 97-3971, 1998 WL 791817, at *2 (6th Cir. Nov. 4, 2008). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Further, ODRC is not a "person" who can be held liable under § 1983. *Diaz v. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013). Thus, dismissal pursuant to § 1915(e) of Plaintiff's claims against ODRC is appropriate. *See Wingo v. Tenn. Dept. of Corrs.*, 499 F.

App'x 453, 454 (6th Cir. 2012) (affirming trial court's dismissal of inmate's claims against state agency under § 1915(e), explaining that the department and the prison were entitled to Eleventh Amendment immunity); *Harrison*, 722 F.3d at 771 (same).

Plaintiff's remaining claims are against Defendants who do not reside in this district and concern incidents that he alleges occurred at LeCI, which is located in Warren County, Ohio, and which falls within the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division, at Cincinnati, Ohio. 28 U.S.C. § 115(b)(1). Venue in this Court is therefore not proper. *Id.*; *see also* 28 U.S.C. § 1391 (stating that venue is proper in the judicial district where any defendants reside or in which the claims arose). Instead, venue is proper in United States District Court for the Southern District of Ohio, Western Division, at Cincinnati, Ohio, which serves Warren County.

### III.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's claims against ODRC be **DISMISSED**. It is **FURTHER RECOMMENDED** that Plaintiff's remaining claims be **TRANSFERRED** to the United States District Court for Southern District of Ohio, Western Division at Cincinnati, Ohio.

The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    **IT IS SO ORDERED.**

Date: August 16, 2019                 /s/ *Elizabeth A. Preston Deavers*
                                                        ELIZABETH A. PRESTON DEAVERS
                                                        CHIEF UNITED STATES MAGISTRATE JUDGE