# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TERRELL PRICE,
      Plaintiff,

     vs.

SWIETZER, *et al.,*
      Defendants.

Case No. 1:19-cv-740

Black, J.
Bowman, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, a prisoner at the Warren Correctional Institution, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Swietzer, Laura Austin, J.T. Hall, Tabor, Huggins, Mr. Snively, Ms. Ford, Dubuis, and Cooper.[1]  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28

---

[1] Plaintiff initially also named the Ohio Department of Rehabilitation and Corrections as a defendant in the complaint, which was filed in the Eastern Division.  (*See* Doc. 1).  On September 6, 2019, the Court dismissed the ODRC as a defendant to this action and transferred the remaining claims to the Western Division.  (*See* Doc. 5).

U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that in June 2018 he was assigned to share a cell with a new cellmate, who told him "its his cell and how things were going to be or be assaulted." (Doc. 3 at PageID 45). It appears from the complaint that contraband was later found in their cell and plaintiff was threatened to take ownership of it "or get fucked up." (*Id.*). Out of fear for his safety, plaintiff initially admitted to ownership of the contraband, but later informed unnamed officers that his admission was forced by his cellmate. (*Id.* at PageID 46). According to plaintiff, he advised defendant Dubuis of the situation, who stated that he would be kept away from the cellmate and that defendant Snively "should have notified the move office not to place Plaintiff back in the same area." (*Id.*).

After being in administrative segregation for approximately four days, plaintiff was returned to the same cell with the same cellmate. Plaintiff claims that he informed defendant Cooper that he could not go into the cell, yet plaintiff alleges that Cooper ignored him. According to plaintiff, he was subsequently attacked with a "knife type object" by his cellmate,

sustaining "two black eyes cuts to his back and face slices to his neck shoulder area, stomach and was left on the floor to die." (*Id.* at PageID 47).

Following the attack, Snively informed plaintiff that he would be interviewed for protective custody by defendants Ford and Dubuis. However, plaintiff claims that he was never interviewed and despite filing out an application for protective custody that he was returned to the same unit without a separation between him and his cellmate. (*Id.* at PageID 48). Plaintiff claims that he refused to go for fear of being murdered.

For relief, plaintiff seeks monetary damages. (*Id.* at PageID 49).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his Eighth Amendment failure to protect claims against defendant Mr. Snively, Ms. Ford, Dubuis, and Cooper in their individual capacities. However, plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, the complaint should be dismissed as to defendants Swietzer, Laura Austin, J.T. Hall, Tabor, and Huggins. The complaint includes no factual allegations against these defendants.

The complaint should also be dismissed as to all defendants in their official capacities to the extent that plaintiff seeks money damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to

actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell*, 436 U.S. at 690. Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, all of the named defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

Accordingly, in sum, the complaint should be dismissed with the exception of plaintiff's Eighth Amendment claims against defendants Snively, Ford, Dubuis, and Cooper in their individual capacities.

## IT IS THEREFORE RECOMMENDED THAT:

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of Eighth Amendment claims against defendants Snively, Ford, Dubuis, and Cooper in their individual capacities.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation

upon defendants Snively, Ford, Dubuis, and Cooper as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

  *s/ Stephanie K. Bowman*
  Stephanie K. Bowman
  United States Magistrate Judge

TERRELL PRICE,                                  Case No. 1:19-cv-740
        Plaintiff,

                                                Black, J.
        vs.                                     Bowman, M.J.

SWIETZER, *et al.,*
        Defendants.


### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the proposed

findings and recommendations.   This period may be extended further by the Court on timely

motion for an extension.  Such objections shall specify the portions of the Report objected to and

shall be accompanied by a memorandum of law in support of the objections.  If the Report and

Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).